UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY DINGLE,

                            Plaintiff,

        -against-

THE CITY OF NEW YORK,
NEW YORK CITY HOUSING AUTHORITY, and
DEMETRICE GADSON, Individual,

                            Defendants.

SCHEDULING ORDER

10 Civ. 0004 (SAS)(FM)

Conference Date: April 1, 2010

---

        WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on March 8, 2010 (the "Order"); and

        WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

        NOW THEREFORE, the parties hereby submit the following information as required by the Order:

(1)     The Court held a conference on April 1, 2010. Counsel for the parties are as follows.

        For plaintiff:
        Michael J. Borrelli, Esq.
        Borrelli & Associates, P.L.L.C.
        One Old Country Road, Suite 347
        Carle Place. New York 11514

        For defendants New York City Housing Authority and Demetrice Gadson:
        Sonya M. Kaloyanides. General Counsel, New York City Housing Authority
        Jeffrey Niederhoffer. of counsel
        250 Broadway, 9th Floor
        New York. New York 10007

(2)   A concise statement of issues as they now appear.

Defendants' statement of issues.

On January 21, 2010, plaintiff, a Resident Buildings Superintendent at Polo Grounds Houses, a NYCHA housing development, filed the above-referenced civil rights action against the City of New York, the New York City Housing Authority (NYCHA) and Demetrice Gadson (Gadson), a NYCHA employee, alleging retaliation by NYCHA and Gadson in violation of the First Amendment for his complaints of alleged matters of public concern, such as his workload, development staffing and Gadson's supervision. Plaintiff also asserts that, as a result of conduct of NYCHA and Gadson allegedly stigmatizing him, he was "deprived his fundamental liberty rights without due process of law under the Fourteenth Amendment" and denied substantive due process. Plaintiff's Complaint also purports to allege New York State law claims of defamation and of a violation of his rights under New York Labor Law §§ 740 and 741 and New York Civil Service Law § 75-b. The action has been terminated as against the City of New York. Accordingly, only NYCHA and Gadson remain as defendants in this action.

Defendants NYCHA and Gadson intend to move to dismiss the Complaint, in whole or in part, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. On March 18, 2010, the Court granted defendants NYCHA and Gadson an extension of time until April 16, 2010 to respond to the Complaint, either by serving an Answer to the Complaint or, in accordance with the Court's Individual Practices, by serving a letter on plaintiff's counsel setting forth the bases for a motion to dismiss under Rule 12(b). The parties anticipate that briefing on defendants' motion will occur in May and June 2010.

Plaintiff's statement of issues.

This is a case about a hardworking veteran Authority employee who has come under the supervision of a rogue Deputy Director, Ms. Demetrice Gadson who has at all relevant times herein sought to advance her position at the Authority at the expense of the health and safety of the public and the employees who report to her. Mr. Dingle has complained about her gross disregard of the public health and safety only to find himself retaliated against, and his complaints unaddressed. Gadson has demanded that her employees illegally gain access to tenant apartments by reporting false gas leaks in an effort to keep her paying-tenant roles high. She has ignored complaints of chronic understaffing at Mr. Dingle's development that have compromised the health and safety of the public. She has placed impossible workloads with unreasonable deadlines on the shoulders of Mr. Dingle and others who have dared to voice their concern about how her approach was impacting the health and safety of the public.

Gadson's retaliation has come in the form of a constant stream of requests to complete impossible work assignments and meet impossible deadlines. When Mr. Dingle failed to complete these assignments, he would be written up with Counseling Memoranda. When Mr.

Dingle completed these tasks at the expense of his and his staff's other responsibilities he would be written up with Counseling Memoranda. Most outrageously, many of the Counseling Memoranda accrued to him for the failings of his staff and for which they themselves received no discipline. The extensive collection of Counseling Memoranda in Mr. Dingle's personal file has impeded his career.

Mr. Dingle is suing under several theories of liability, including violations of the First Amendment, the deprivation of his due process rights under the Fifth and Fourteenth Amendment, Violations of the New York Labor Law, Defamation, and for improper governmental actions under New York Civil Code Section 75(b).

(3)     (a) <u>Names of persons to be deposed and a schedule of planned depositions</u>.

<u>Defendants</u>. Defendants will depose plaintiff after requested documents and interrogatory responses have been received and reviewed. It is not known now whether and to what extent subpoenas will need to be issued regarding non-party witnesses.

<u>Plaintiff</u>. Without the benefit of any discovery in this case, Plaintiff reserves its right to amend the following list of persons to be deposed. Plaintiff will conduct its depositions after requested documents and interrogatory responses have been received and reviewed. It is not known now whether and to what extent subpoenas will need to be issued regarding non-party witnesses.

1)     Demetrice Gadson, Deputy Director
2)     Helen Itzkowitz, Manager
3)     Patricia McCombs, Administrator
4)     Gloria Finkelman, Assistant Deputy General Manager
5)     Larry Ginsberg, Administrator
6)     Joseph Porcelli, Borough Administrator
7)     Dorothy Harris, Manager
8)     Joseph Dunn, Assistant Superintendant
9)     Robert Knapp, Director, Manhattan Borough Management Office
10)    Kimbell Brown, Superintendant, Audubon House

(b) <u>A schedule for the production of documents</u>.

The parties respectfully request that discovery be stayed pending the Court's decision on defendants' Rule 12(b) motion to dismiss and the subsequent service of defendants' Answer to the Complaint. Defendants shall serve their Answer within twenty-one (21) days after the Court's decision on defendants' motion. The parties shall serve their requests for the production of documents within fourteen (14) days after the service of defendants' Answer and responses to the document requests shall be served within forty-five (45) days after service of the document requests.

(c) Dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed.

Defendants. Defendants do not, at this time, anticipate the use of experts.

Plaintiff. Plaintiff does not, at this time, anticipate the use of experts.

(d) Time when discovery is to be completed.

The parties contemplate the completion of discovery seven (7) months after the Court's decision on defendants' Rule 12(b) motion to dismiss.      *Sept. 30*

(e) The date by which plaintiff will supply its pre-trial order matters to defendant.

Plaintiff will supply his pre-trial order matters to defendants by the following date: 30 days after close of discovery.

(f) The date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed voir dire questions and proposed jury instructions.

At the close of discovery, defendants NYCHA and Gadson will determine whether a basis exists for a motion for summary judgment regarding the issues then remaining in the case and, if so, will request a pre-motion conference in accordance with the Court's Individual Practices within fourteen (14) days after close of discovery. Accordingly, defendants respectfully request that the preparation and submission of a pre-trial order be held in abeyance pending resolution of the summary judgment motion. In the event that a pre-motion conference is not requested, the parties will submit a pre-trial order within sixty (60) days after the close of discovery.

(g) The date of the final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) is as follows:      *Oct. 13 at 4:30*

(4)   A statement of any limitations to be placed on discovery, including any protective or confidentiality orders.

At the present time, the parties do not anticipate whether protective or confidentiality orders will be needed.

(5)   A Statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

There are no discovery disputes yet.

(6)     Anticipated fields of expert testimony, if any.

        Defendants. Defendants do not, at the present time, anticipate using experts.

        Plaintiff. Plaintiff does not, at this time, anticipate the use of experts.

(7)     Anticipated length of trial and whether to court or jury.

        It cannot be determined at this point (a) if there will be a trial and (b) if so, what issue(s) will remain. Accordingly, defendants cannot comment on any trial length. Plaintiff has requested a jury trial.

(8)     This Scheduling Order may be altered or amended only upon a showing of good cause not foreseeable at the time of the conference or when justice so requires.

(9)     For plaintiff:

        Borrelli & Associates, P.L.L.C.
        Michael J. Borrelli, Esq.
        One Old Country Road, Suite 347
        Carle Place, New York 11514
        (516) 248-5550

        By: _____
                Michael J. Borrelli (        )

        For defendants NYCHA and Gadson:

        Sonya M. Kaloyanides, General Counsel
        New York City Housing Authority
        Jeffrey Niederhoffer, of counsel
        250 Broadway, 9th Floor
        New York, NY 10007
        (212) 776-5259

        By: _____
                Jeffrey Niederhoffer (JN 1942)

SO ORDERED:

_____              4/1/10
SHIRA A. SCHEINDLIN
U.S.D.J.